FILED - LN
July 20, 2009 12:28 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____lkd_____/_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
LANSING DIVISION

DONALD D. CARSTENS,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF TREASURY and
PENSION BENEFIT GUARANTY CORPORATION,

    Defendants.

1:09-cv-664
Paul L. Maloney, Chief Judge
United States District Court

## NOTICE OF REMOVAL

Pension Benefit Guaranty Corporation ("PBGC") hereby removes this action from the Circuit Court for the County of Ingham, Michigan to the United States District Court for the Western District of Michigan, Lansing Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the following basis:

1.     The PBGC is a wholly-owned United States government corporation, and an agency of the United States, that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1301-1461 (2006). When an underfunded pension plan covered by Title IV of ERISA terminates, PBGC generally becomes statutory trustee of the plan and, subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds. *See* 29 U.S.C. § 1322.

2.     On information and belief, Donald D. Carstens, commenced the above-captioned case against the named defendants, including PBGC, by filing on or about June 16, 2009, a

complaint in the Circuit Court for the County of Ingham, Michigan. A copy of the complaint is attached as Exhibit 1.

3.  PBGC was served a copy of the complaint on or about June 22, 2009. A copy of the Summons is attached as Exhibit 2.

4.  The complaint requests, *inter alia*, that co-defendant Michigan Department of Treasury turns over to the Plaintiff funds that were escheated to, and remain in the possession of, the State of Michigan. The funds are an asset of the terminated Union Steel Products, Inc. Employees Pension Plan (the "Plan") that PBGC now administers as statutory trustee. *See Exhibit 1*, at ¶¶ 10, 11.

5.  Removal of the state court proceeding is appropriate under 28 U.S.C. § 1441 because the district courts of the Untied States have original jurisdiction over the action. Title IV of ERISA governs terminated plans in all respects, including their assets. *See* 29 U.S.C. §§ 1342(d), 1344. Additionally, 29 U.S.C. § 1303(f) is the "exclusive means for bringing actions against the corporation [PBGC] . . . in its capacity as trustee" of terminated plans.

6.  Co-defendant State of Michigan consents to the removal of this proceeding. A signed letter by Michigan Assistant Attorney General Heidi Johnson-Mehney is attached as Exhibit 3.

7.  Removal is timely under 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice, PBGC will give written notice thereof to all adverse parties and shall file a copy of this Notice with the Clerk of the Circuit Court for the County of Ingham, Michigan.

Dated: July 17, 2009

Respectfully submitted,

*/s/ Frank A. Anderson*

ISRAEL GOLDOWITZ
Chief Counsel
KAREN L. MORRIS
Deputy Chief Counsel
STEPHANIE THOMAS
Assistant Chief Counsel
FRANK A. ANDERSON
Attorney
PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 326-4020 ext. 3759
Facsimile: (202) 326-4112
Email: anderson.frank@pbgc.gov and efile@pbgc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents were served upon the party listed below via Overnight Courier on the 17th day of July, 2009:

Mark E. Kreter
Kreis, Enderle, Hudgins & Borsos, P.C.
One West Michigan Avenue
Battle Creek, MI  49017

FRANK A. ANDERSON
Attorney