UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————————————

DONALD D. CARSTENS,                                    |      Case No. 1:09-cv-664

    Plaintiff,

       v.                                                 |      HONORABLE PAUL L. MALONEY

MICHIGAN DEPARTMENT OF TREASURY and
PENSION BENEFIT GUARANTY CORPORATION,

    Defendants.

———————————————————————

## OPINION and ORDER

**Granting the Defendant's Motion for Transfer of Venue;
Terminating and Closing the Case**

According to plaintiff Donald D. Carstens ("Carstens"), a Michigan corporation called Union Steel Products, Inc. ("Union Steel") established the Union Steel Products, Inc., Union Employees Pension Plan ("the plan") in 1971, and in 1987 the plan purchases a single-premium group annuity contract from Principal Mutual Life Insurance Company ("Principal Mutual") for the purpose of providing retirement payments to plan participants. *See* Complaint filed June 16, 2009 in the Circuit Court of Ingham County, Michigan ("Comp") ¶¶ 1 and 8-9.

Defendant Pension Benefit Guaranty Corporation ("PBGC") is a federal agency and federally-owned corporation which administers the defined-benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1301 *et seq.*, as amended ("ERISA"). When an underfunded pension plan covered by

ERISA Title IV terminates, the PBGC generally becomes the plan's trustee and pays the plan's unfunded benefits with its insurance funds. *See* 29 U.S.C. § 1322 and 29 C.F.R. § 4044.3(a). Pursuant to a written agreement between the PBGC and the Union Steel Plan, the Plan terminated on December 31, 1995 and the PBGC became its statutory trustee in September 1999. *See* Comp ¶ 10 and Ex A (Agreement for Appointment of Trustee & Termination of Plan); *accord* MTD at 2.

Principal Mutual became a publicly-held company in October 2001, and in conjunction with that change, compensation in the form of 5,985 shares of stock in, was credited to the plan ("the Compensation"). *See* Comp 11 and Ex C.

Again according to Carstens, in October 2004 defendant PBGC executed a document releasing him, Union Steel, and other parties from any and all claims it had or may have with regard to the plan. *See* Comp ¶ 12 and Ex B.

On an unspecified date, the Compensation (5,985 shares in the Principal Financial Group) escheated to the State of Michigan as unclaimed property. *See* Comp ¶ 13; *accord* MTD at 2. As trustee of the plan, the PBGC has asserted a claim to the Compensation, but Carstens contends that the Compensation should be paid to him as the sole remaining shareholder of Union Steel, which was dissolved at an unspecified time prior to the filing of this action. *See* Comp ¶¶ 14-15.

Carstens brought this action in Michigan state court on June 16, 2009. PBGC was served on June 22 and timely filed a notice of removal to this court on July 20, 2009 pursuant to 28 U.S.C. § 1441, attaching a letter wherein co-defendant State of Michigan gives its consent to the removal. *See* Notice of Removal Ex 1 (complaint), Ex 2 (summons). The removal was authorized by 29 U.S.C. § 1303(f)(7). *See Koken v. PBGC*, 383 F. Supp.2d 712, 717 (E.D. Pa.) (Robreno, J.), *recon. denied*, 381 F. Supp.2d 437 (E.D. Pa. 2005).

On Tuesday, July 28, 2009, the PBGC filed a FED. R. CIV. P. 12(b)(3) motion to dismiss the complaint without prejudice for lack of venue or, in the alternative, to transfer the case to a district where proper venue exists. After being served with these non-dispositive motions,[1] Carsten had 14 days to file a response. *See* W.D. MICH. LCIVR 7.3(c). The period began on Wednesday, July 28, the day *after* the PBGC electronically filed the motion. *See* FED. R. CIV. P. 6 (when calculating a time period, it does not start until the day *after* the event which triggers the right or duty). The fourteenth day was Tuesday, August 11, so Carstens had to e-file any opposition by midnight on that date. *See* FED. R. CIV. P. 6 (when calculating a period longer than ten days, court includes weekends and federal holidays). Carstens did not file an opposition brief by the deadline, nor has he sought an extension of time. Accordingly, the court proceeds to consider the PBGC's motions without waiting further for an untimely response from Carstens.

When an ERISA plan is adversely affected by the PBGC's actions, title 29 U.S.C. § 1303(f)

---

[1]

W.D. MICH. LCIVR 7.2(a) lists motions are considered dispositive, and the only type of motion to dismiss listed is a motion to dismiss for failure to state a claim on which relief can be granted. W.D. MICH. LCIVR 7.3(a) provides that any motion not listed in Rule 7.2 is non-dispositive. Therefore, the motion to dismiss without prejudice for lack of venue is non-dispositive.

Under these local rules, the motion to transfer venue is also a nondispositive motion. Other courts have reached this conclusion without reference to comparable rules. *Accord Consolidated Coal Co. v. Marion Docks, Inc.*, 2009 WL 2031774, *2 n.1 (**W.D. Pa.** July 10, 2009) (McVerry, J.) ("[A] motion to transfer venue is not a dispositive motion . . . .");

*Benjamin v. Exxon Mobil Corp.*, 2009 WL 1918370, *2 (**D.V.I.** July 2, 2009) (same);

*Siteworks Solutions, LLC v. Oracle Corp.*, 2008 WL 4415075, *1 n.1 (**W.D. Tenn.** Sept. 22, 2008) (Pham, M.J.) (citing, *i.a.*, *Cain v. MDOC*, 2007 WL 1647883 (**E.D. Mich.** June 5, 2007));

*Cf. Harris v. Edward Hyman Co.*, 664 F.2d 943, 945 n.7 (**5th Cir.** 1981) (acknowledging that motion to remand case to state court could be referred by district judge to magistrate judge under 28 U.S.C. § 636(b)(1)(A), which authorizes outright ruling on nondispositive matters, rather than 28 U.S.C. § 636(b)(1)(B), which authorizes reports and recommendations on dispositive matters).

authorizes an employer or contributing sponsor to bring a civil action against the PBGC for appropriate equitable relief.   *See A-T-O, Inc. v. Pension Ben. Guar. Corp.*, 634 F.2d 1013, 1020 n.10 (6th Cir. 1980) (citing 29 U.S.C. § 1303(f) ).  Title 29 U.S.C. § 1303(f)(1) then provides that it "shall be the exclusive means for bringing actions against [the PBGC] under this title, including actions against [the PBGC] in its capacity as a trustee under [29 U.S.C. § 1342 or 29 U.S.C. § 1349]."  *See Ass'n of Flight Attendants, CWA, AFL-CIO v. PBGC*, 372 F. Supp.2d 91, 97 (D.D.C. 2005).

Venue for an action brought pursuant to 29 U.S.C. § 1303(f), such as this one, lies only in these three federal judicial districts:  (1) the district where plan-termination proceedings are pending, or (2) the district where the plan has its principal office, or (3) the District of Columbia.  *See* 29 U.S.C. § 1303(f)(2).  There are no plan-termination proceedings pending with regard to the Union Steel Plan, because termination occurred in 1995 and the PBGC became statutory trustee of the Plan in 1999, so the first venue option is not available.  The second venue option is not available either, because the plan was long ago terminated and no longer has a "principal office."

"Defendants argue, and the Court agrees, that where there are no current proceedings under §§ 1341 or 1342, and the plan's principal office has closed, the statute compels venue in the District of Columbia."  *United Steel, Paper, Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO-CLC v. Pension Ben. Guar. Corp.*, 602 F. Supp.2d 1115, 1119 (D. Minn. 2009) (James Rosenbaum, J.); *see also Stephens v. US Airways Group*, No. 4:2000-cv-144, slip op. at 4 (N.D. Ohio June 28, 2007) (Dan Polster, J.) (not in F. Supp.2d or on WestLaw) (same).

The court has discretion to dismiss Carstens' action without prejudice for lack of venue, or

to transfer it to a federal district where he could have brought the action.  *See Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 533 (6th Cir. 2002) ("We review for abuse of discretion a district court's decision whether to dismiss or transfer a complaint for improper venue.") (citing *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998)); *see, e.g., Miles v. WTMX Radio*, 15 F. App'x 213 (6th Cir. 2001) (Martin, Nelson, S.D. Ohio D.J. Rice) (district court did not abuse discretion by dismiss complaint without prejudice for lack of venue rather than transferring case to a proper venue).

"Generally, transfer is favored over a dismissal because a transfer facilitates the adjudication of a dispute on the merits." *LGT Enters., LLC v. Hoffman*, 614 F. Supp.2d 825, 842 (W.D. Mich. 2009) (Paul L. Maloney, C.J.) (citing *Roberts v. Paulin*, 2007 WL 3203969, *7 (E.D. Mich. Oct. 31, 2007) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962))).  "Unless there is evidence that the plaintiff brought the case in this district [in the absence of personal jurisdiction or venue] in bad faith or to harass the defendant, the interest of justice generally requires a transfer rather than dismissal." *LGT*, 614 F. Supp.2d at 842 (citing *Roberts*, 2007 WL 3203969 at *7 (citation omitted)). The court determines that the most efficient and just course of action is to transfer this action to the United States District Court for the District of Columbia.

## **ORDER**

Defendants' motion to dismiss without prejudice due to improper venue, or in the alternative for transfer of venue [#5] is **GRANTED in part** & **DENIED without prejudice as moot in part.**

Pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1631, this case is **TRANSFERRED** to the United States District Court for the District of Columbia.

This is <u>not</u> a final order.  "It is settled that an order granting a transfer or denying a transfer is interlocutory and not appealable."  *Dearth v. Mukasey*, 516 F.3d 413, 416 (6th Cir. 2008) (Suhrheinrich, <u>Rogers</u>, Chief D.J. Bell) (citing *Lemon v. Druffel*, 253 F.2d 680, 683 (6th Cir. 1958)).

**IT IS SO ORDERED** on this ___18th___ day of August 2009.

/s/ Paul L. Maloney_____
Honorable  Paul L. Maloney
Chief United States District Judge